*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, KASPRZYK, and STEWART
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Raymond GONZALES**
Firecontrolman Second Class (E-5), U.S. Navy
Appellant

**No. 201900223**

Decided: 25 June 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Ryan J. Stormer

Sentence adjudged 22 May 2019 by a special court-martial convened at Naval Station Great Lakes, Illinois, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 12 months, and a bad-conduct discharge.[1]

For Appellant:
*Captain Bree A. Ermentrout, JAGC, USN*

For Appellee:
*Major Clayton L. Wiggins, USMC*
*Lieutenant Kimberly Rios, JAGC, USN*

_____

[1] The convening authority suspended confinement in excess of four months and disapproved the bad conduct discharge pursuant to a pretrial agreement.

————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 859, 866 (2019).

The imprecise wording of the Convening Authority's Action (CAA) regarding the term of confinement prompted this Court to specify the issue of whether we have jurisdiction to review this case. Where the punitive discharge has been disapproved, the jurisdiction threshold for this type of non-automatic appeal requires that "the sentence extends to confinement for more than six months." Article 66(b)(1)(A), UCMJ, 10 U.S.C. § 866(b)(1)(A) (2019). Here, the CAA stated that "[o]f the adjudged sentence of twelve months confinement, four (4) months are approved and will be executed; eight (8) months are suspended in accordance with the pretrial agreement." Is this language sufficient to meet the jurisdictional threshold?

We hold that it is. A convening authority "may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months" unless it is pursuant to a pretrial agreement [PTA] or based on a recommendation by trial counsel for substantial assistance. Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860 (2016). In this case, the adjudged sentence of confinement was for 12 months and there is no evidence in the record that trial counsel made any recommendation for substantial assistance; therefore, the convening authority must act pursuant to the PTA in disapproving, commuting, or suspending any part of the adjudged period of confinement. Under the PTA the parties agreed that confinement "may be approved as adjudged; however, confinement in excess of four (4) months will be suspended for a period of 12 months . . . ."

To the extent the CAA's language can be read to suggest the eight months' suspended confinement were not first *approved* as per the PTA, we hold, as we have held previously, that any such purported action is ultra vires and a legal nullity that we will disregard. *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (involving the purported disapproval of a bad-conduct discharge that the parties had agreed under the PTA

would be approved and then suspended). Since any potential ambiguity in the CAA is created by language that would be ultra vires and because the military judge resolved any such ambiguity in the Entry of Judgment, the Court concludes the approved sentence includes 12 months' confinement which, taken with together with Appellant's submission, meets the threshold under Article 66(b)(1)(A) and gives this Court jurisdiction.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court